IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Darrell Goss, #305517, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 2:18-2938-BHH |
| v. ) | |
| ) | **ORDER** |
| Warden Charles Williams, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the Court on Darrell Goss's ("Goss" or "Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Warden Charles Williams ("the Warden" or "Respondent") filed a motion to dismiss, and Goss filed a motion for summary judgment. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review. After reviewing the record and the pending motions, Magistrate Judge Mary Gordon Baker filed a Report and Recommendation ("Report"), outlining the issues and recommending that the Court grant the Warden's motion to dismiss and deny Goss's motion for summary judgment. Goss filed objections to the Magistrate Judge's Report along with a litany of related motions, and this matter is ripe for review.

## STANDARD OF REVIEW

This Court is charged with conducting a de novo review of any portion of the Report to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that Report. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portion(s) of the Report to which the objection is

made and the basis for the objection. *Id.*

## **DISCUSSION**

As the Magistrate Judge explained, before presenting a claim in federal court, a § 2254 petitioner must exhaust all available state court remedies. 28 U.S.C. § 2254(b)(1); *Gordon v. Braxton*, 780 F.3d 196, 200 (4th Cir. 2015); *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *cert. denied*, 522 U.S. 833 (1997). The applicable statute provides the following:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>     (A) the applicant has exhausted the remedies available in the courts of the State; or
>     (B)   (i) there is an absence of available State corrective process; or
>            (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

"A habeas petitioner meets the exhaustion requirement by fairly presenting his claim in each appropriate state court, thereby alerting that court to the federal nature of the claim." *Braxton*, 780 F.3d at 201 (alterations and internal quotation marks omitted). "To satisfy his burden, the petitioner must show that both the operative facts and the controlling legal principles were presented to the state court." *Id.* (alterations and internal quotation marks omitted).

Here, the Magistrate Judge agreed with the Warden that Goss has not yet exhausted his state court remedies because, although Goss exhausted his direct appeal claims, his PCR action remains pending. As the Magistrate Judge explained, in October of 2018, the Supreme Court of South Carolina ordered a *de novo* PCR hearing on Goss's

ineffective-assistance-of-counsel claim, thereby erasing the prior unfavorable PCR review that Goss received.[1] Thus, the Magistrate Judge disagreed with Goss that he technically exhausted his state court remedies by presenting his claim to the state's highest court, finding instead that, "[b]y giving Goss a new chance to prove his claim, the Supreme Court reset his opportunity–and thus imposed a new obligation–to exhaust his state-court remedies." (ECF No. 84 at 7.)

The Magistrate Judge next considered whether the Court should require exhaustion in light of the state courts' alleged inordinate delay. The Magistrate Judge noted that Goss presents his claim of inordinate delay as a substantive ground for relief but found that the proper question is whether the alleged inordinate delay renders the PCR process "ineffective" to protect Goss's rights, thereby excusing his failure to exhaust. *See* 28 U.S.C. § 2254(b)(1)(B)(ii); *see also Mack v. South Carolina*, No. 9:10-cv-2511-HFF-BM, 2010 WL 4961729, at *2 (D.S.C. Nov. 5, 2010) (finding that a habeas petition alleging only a due process violation based on state court's delay addressing the petitioner's pending PCR case did not state a substantive claim for habeas corpus relief), *adopted*, 2010 WL

---

[1] The Magistrate Judge thoroughly outlined the procedural history of this case. In a nutshell, Goss filed a PCR application in May of 2011, alleging that trial counsel provided ineffective assistance of counsel. The court denied his application in December of 2011, but Goss petitioned the Supreme Court of South Carolina for certiorari. Eleven months after briefing was complete, the Supreme Court transferred the case to the Court of Appeals. Just under a year later, the Court of Appeals granted Goss's petition. Then, seven months after briefing was finished, the court set the case for oral argument in March 2016. The court affirmed in an unpublished opinion in July 2016, and Goss petitioned for rehearing. The court denied the rehearing petition. After receiving an extension, PCR appellate counsel petitioned for certiorari in November 2016, and the Supreme Court granted certiorari in October 2017. Merits briefing finished in January 2018, and oral argument occurred on June 12, 2018. On October 17, 2018, just under a year after granted certiorari, the Supreme Court issued a published opinion, remanding Goss's PCR case for a *de novo* hearing, and criticizing the PCR court for refusing to hear from Goss's witnesses but then making findings about their credibility. The Supreme Court instructed the lower court that on remand, neither side could rely on any testimony presented at the initial hearing. Nine days after the Supreme Court's opinion, Goss filed the instant § 2254 petition raising his ineffective-assistance of counsel claim and arguing that the PCR proceedings took so long that the state court violated his Fourteenth Amendment right to due process. Goss's PCR action remains pending, but the PCR court stayed the case at Goss's request pending resolution of this action.

4931000 (D.S.C. Nov. 10, 2010), *appeal dismissed*, 419 F. App'x 307 (4th Cir. 2011) (per curiam). Thus, the Magistrate Judge liberally construed Goss' inordinate-delay claim as an argument for excusing his failure to exhaust. The Magistrate Judge noted that one reason Goss's PCR case has taken so long is because so much has happened, and because the state courts have reviewed his claims so many times, which ultimately resulted in Goss winning his appeal and being granted a *de novo* hearing that has not yet occurred. Because the Magistrate Judge found that steady progress had been made in the PCR case–despite the number of years it has taken–she found no reason to excuse the exhaustion requirement.

The Magistrate Judge also considered Goss's claim that his lack of exhaustion should be excused because he is actually innocent of the crimes for which he has been convicted. Ultimately, the Magistrate Judge rejected this argument and found no basis to support Goss's argument that the state conceded his innocence at the PCR hearing by stipulating to the court taking judicial notice of what Goss's witnesses would have said on the witness stand. As the Magistrate Judge explained, this is precisely the error the Supreme Court reversed and the reason Goss earned a *de novo* hearing. Thus, the Magistrate Judge found that it would be inappropriate to rely on this stipulation and foudn no reason to excuse the exhaustion requirement based on Goss's allegation of actual innocence.

Finally, the Magistrate Judge considered Goss's request to amend his petition to add an equal protection argument, ultimately finding that the proposed amendment would be futile.

In his objections, Goss objects to the entire portion of the Magistrate Judge's Report

that addresses the Warden's motion to dismiss, again arguing that he has indeed exhausted his state court remedies by presenting his claim to the South Carolina Supreme Court. In short, Goss claims that the South Carolina Supreme Court's decision to remand for a new PCR hearing does not bar him from seeking federal habeas review.

After review, however, the Court finds this objection without merit and disagrees with Goss for the reasons set forth by the Magistrate Judge. Stated plainly, the exhaustion requirement is rooted in principles of federalism, and although Goss technically presented his claims to the South Carolina Supreme Court, by remanding Goss's PCR application for a *de novo* hearing, the Supreme Court of South Carolina effectively erased the prior PCR proceedings, and it would be improper for this Court to rely on those prior proceedings or review Goss's claim through the lens of those prior proceedings without giving the state courts the opportunity to reevaluate Goss's claim *de novo* and reach a final decision on the claim. As the Magistrate Judge explained, Goss now has available to him a full opportunity to re-litigate his claim in state court, and the only obstacle to that process is the fact that Goss asked the PCR court to stay his application pending resolution of this case. At this time, Goss should proceed with his PCR application in state court, and once the highest court reaches a final decision on the claim, he may seek federal review if necessary.

Goss next objects to the Magistrate Judge's treatment of his inordinate delay claim. Goss contends that the Magistrate Judge erred by considering his allegations of inordinate delay as an argument for excusing the exhaustion requirement rather than as an independent substantive claim. In other words, Goss makes it clear that he is not using his due process claim as an excuse for exhaustion and is instead attempting to state an independent claim. Here, however, the Court finds no merit to this claim.

5

As an initial matter, the Court notes that it agrees with the Magistrate Judge that Goss's complaints about the length of time his PCR action has taken should not excuse the exhaustion requirement, as it appears that the length of time is due in large part to the fact that the state courts have reached the merits of his claim on multiple occasions. As the Magistrate Judge explained:

> part of what makes Goss's PCR case unusual–and much of the reason it has taken this long–is that the state courts have reviewed the merits of his claim so many times. In South Carolina, most unsuccessful PCR cases end with either the state Supreme Court or the Court of Appeals issuing, without argument or further briefing, a one-sentence order denying certiorari. Here, in contrast, both courts granted certiorari, ordered merits briefing, held oral argument, and then issues opinions addressing whether the PCR court properly decided the merits of Goss's claim. Each of those steps takes considerable time, even without the briefing extensions the parties requested and received . . . .

(ECF No. 84 at 10.) Thus, this is not a case where years have passed without the state courts ever reaching the merits of Petitioner's claim.

Next, to the extent Goss asserts this claim as an independent substantive ground, the Court recognizes that in certain circumstances, "undue delay in processing any appeal *may* rise to the level of a due process violation." *See Ward v. Freeman*, 46 F.3d 1129, 1995 WL 48002 *1 (4th Cir. Feb. 8, 1995) (quoting *United States v. Johnson*, 732 F.2d 379, 381 (4th Cir. 1984)) (internal quotations omitted) (emphasis in original). As the Fourth Circuit Court of Appeals explained in *Ward*, the court considers the four-factor speedy trial analysis set forth in *Barker v. Wingo*, 407 U.S. 514 (1972), in considering whether delay itself amounts to a due process violation. *See id.* "The four factors are: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his rights; and (4) prejudice to the defendant."

6

Here, although the Magistrate Judge considered Goss's undue delay claim in the context of determining whether to excuse the exhaustion requirement and not as a substantive ground itself, it is nevertheless clear that she considered the appropriate factors. The Court agrees with her analysis and finds that, to the extent Goss asserts undue delay as a substantive ground on its own, he has not demonstrated a due process violation. First, as the Magistrate Judge explained, although the number of years the PCR has been pending may appear excessive at first glance, much has happened during those years, and the state courts have reached the merits of Goss's claim multiple times. Thus, there appears to be a valid reason for the length of the delay, and nothing suggests that the state courts have handled Goss's case in a discriminatory manner or have taken unusually long to consider Goss's case. Next, although Goss asked his appellate attorney to file a motion to expedite the proceedings and therefore appears to have been proactive in asserting his rights, he also asked for an extension of time during his PCR action and he asked the PCR court to stay his PCR following remand. Finally, to the extent Goss objects that he has been prejudiced by the delay because his witnesses are no longer willing to testify, the Court finds this argument premature and unsubstantiated. Stated plainly, Goss voluntarily stayed the PCR action, and his witnesses have not yet been subpoenaed to testify, so it is not clear who will or will not testify on his behalf before the PCR court. In all, the Court cannot say that requiring Goss to exhaust his state remedies would cause prejudice to him, and the Court finds no violation of Goss's rights to due process based on the record currently before it.

Next, Goss objects to the Magistrate Judge's treatment of his actual innocence claim, but the Court finds this objection wholly without merit. At this time, it would be

inappropriate for the Court to rely on PCR proceedings, which the Supreme Court effectively nullified by remanding the case, ordering a *de novo* hearing, and specifically instructing the PCR court not to rely on any testimony presented at Goss's initial PCR hearing. The Court finds that Goss has not demonstrated his actual innocence.

Goss also objects to the Magistrate Judge's treatment of his request to amend his petition to add a claim for violation of his right to equal protection of the law. After review, the Court overrules this objection and agrees with the Magistrate Judge that the proposed amendment would be futile. Goss asserts that his equal protection claim "is grounded in his due process claim," (ECF No. 87 at 12) which the Court finds without merit for the reasons set forth above.

Lastly, Goss objects to the Magistrate Judge's recommendation that the Court deny his motion for summary judgment. Goss asserts that he has exhausted his administrative remedies; that he has fairly presented his claim; and that he is not required to exhaust his due process claim. For the foregoing reasons, however, the Court agrees with the Magistrate Judge's finding that Goss is not entitled to summary judgment. Stated simply, the Court finds that Goss has not exhausted his administrative remedies, and that the exhaustion requirement should not be excused under the circumstances. Goss must proceed with his *de novo* PCR hearing on his ineffective assistance claim and permit the state courts to reach a final conclusion on the claim before the Court can address it. Next, the Court finds that the record does not support finding an independent due process or equal protection violation at this time. In all, therefore, the Court agrees with the Magistrate Judge that this petition is subject to dismissal without prejudice.

## CONCLUSION

After careful review, the Court agrees with the Magistrate Judge and finds that the instant petition is subject to dismissal without prejudice while Goss pursues his new PCR review in state court. Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 84); overrules Petitioner's objections and amended objections (ECF Nos. 87 and 88); grants Respondent's motion to dismiss (ECF No. 40); denies Goss's motion for summary judgment (ECF No. 78); and denies as moot all remaining motions.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

January 31, 2020
Charleston, South Carolina

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller–El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir.2001). Here, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a

certificate of appealability is denied.